————◦❊◦————                                                   Davis
                                                                 v.
DAVIS v. CLEAVELAND, WHO SUES TO THE USE OF           Cleaveland.
                CASE AND MARKS.

1.  A. sells a clock to B. and gives a written warranty that it is a good
    time piece—B. gives his bond for the price, which A. sells—and suit
    is brought on it against B., before a J. P.—Appeal to cir. ct.
2.  B. offered to prove as a defence under the act of 1831—the warran-
    ty—that the bond was given for the clock—the failure of the war-
    ranty, and that he could not find A. to return the clock to, or to sue
    on the warranty.
3.  Held to amount to a good defence in equity and under that act—
    and opinion formerly given in this case, in part overruled.

APPEAL from the circuit court of Lincoln county.

Opinion of the court delivered by McGIRK J*

Cleaveland brought an action of debt on a specialty A. sells a clock to
given to him by Davis, before a justice of the peace—an B., and gives a
appeal was taken to the circuit court, where the parties that it is a good
went to trial.   The plantiff read his bond in evidence.— time piece.—B.
The defendant then offered to read in evidence, a writing gives his bond for
made by Cleaveland to him, which writing acknowledged A. sells—and suit
that Cleaveland had sold to Davis a clock—the writing is brought on it
also contained a warranty that the clock would keep good against B., before
time for two years, and that if it did not, Cleaveland un- cir. ct.
dertook that he would make good by repairing, or by
putting another in its place.   Davis also offered to prove
that the clock mentioned in the warranty, was the consid-
eration of the bond sued on.   This writing of warranty
was not under seal.   Davis also offered to prove that the
clock ran about five months, and then failed to run, and
that Cleaveland never came to repair or replace the same.
That Cleaveland is a roving man, unsettled and has no
residence; so that he could not return the clock to him,
he also offerred to prove that Cleaveland represented the
clock to him, when he bought it, to be a good time piece.
This testimony was all objected to by the counsel of the
plantiff, the court rejected the evidence, and this rejection
constitutes the error complained of.   It is insisted by Mr.
Wells for Cleaveland, the defendant in error, that this
decision of the circuit court is correct, and sustained by
the opinion of this court in this same case between the

—————————————————————————————
*Judge Wash absent.

same parties, when the cause was up before.—See 3. vol. Missouri R. 331.—On the other side, Mr. Porter for the plaintiff, insists that the points now raised in this case are not decided by the opinion delivered in the case heretofore. When the case was up before, the same paper warranting the clock was in evidence, but there was no no evidence to shew that the clock was the consideration for which bond sued on was given. It is therefore clear that the paper containing the warranty could not be evidence in the case—as the case now presents itself, this defect is supplied, and the question arises, can the note and evidence now be allowed to shew what the consideration of the bond was?—and that the consideration was conditional and contingent, and that the consideration has wholy failed?—when the case was before the circuit court heretofore, that court instructed the jury, that they must find between the parties, as they might think was right and equitable. This court thought that instruction too broad, and calculated to mislead the jury. In that case the judgment was reversed, on the ground that the court received improper testimony as to the confessions of Cleaveland, made after the bond was sold, and also that there was no evidence to connect the instrument of warranty with the consideration of the bond sued on, and also on the error in the instructions. In the case now at bar, both parties claim under the opinion of this court, in this cause. The language in the opinion which is doubtful in its meaning, is to be found in that part of the opinion which declares that the act of 1831, has not in the slightest degree changed the rules of evidence. The opinion says, if before the passage of the act parol evidence on a trial at law could not be admitted to shew that the consideration of a bond had failed, such evidence cannot be now admitted—that evidence before deemed incompetent is still so. And that the justices of the peace are still bound to proceed both in rendering judgment and admitting testimony according to law.

With this single exception, that when testimony which is competent and relevant shall be heard by the justice, shall raise a defence which the strict rules of law would not admit to be a defence at law; yet if such defence would be good in equity and good conscience, it shall be allowed. It seems to this court, this portion of the opinion intends to say, that if by accident an equitable defence is proved, it may be allowed. It is admitted by us that the meaning of the court is not as clear and certain as it should have been. The rules laid down in relation to the statute are too general.

The rule laid down was that the statute intended to make no alteration in relation to, the rules of evidence. It is insisted by counsel that according to this rule, the defendant cannot go into the consideration of a bond, at law, by any evidence extrinsic the bond, and they lay down the rule to, be, that no parol evidence can be admitted to enlarge, contradict, or vary the terms of a written agreement. It is admitted by us, that this is the general rule. One exception is where the bond was obtained by fraud, a consideration may be proved at law, to be different from that expressed in the bond. The terms may be proved to have been different.

In this case the party offered to prove fraudulent pretences, which was not allowed to him. This evidence ought to have been heard. The rules of evidence in law and equity are the same; and the statute has not changed that rule of common law.

· When this rule is applied to the statute, we think the result is this, that a justice of the peace is authorized to let a defence equitable in its character and nature be set up to an action at law, pending before him, no matter whether that action is founded on a bond or covenant. The act requires the justice to decide according to equity and good conscience.

The opinion heretofore delivered, fixes to our satisfaction, the meaning of the act on this point, he is to decide according to the strict rules of chancery law. He must of course be allowed to receive evidence which will prove such defence. In this case, the defendant offered to prove a defence which would have been good if laid in a bill, brought in chancery. He offered to prove that he had an express warranty, that the clock was a good time piece, he offered to prove the clock was not a good time piece, and that the bond was given for it. He offered also to prove that he had no means of bringing his action on the warranty, by reason that Cleaveland could not be found.

These things if true, would no doubt give him a defence in equity against the bond. We are of opinion that his proof should have been admitted, and that so much of the opinion of this court, as is contrary to this view of this point, was not duly considered, and ought to be overruled.

When the case was up before, the case was entirely a case at law, no equitable defence was raised,—yet the court instructed the jury to try the case as if such defence had existed, which was wrong. And some of the

B. offered to prove as a defence under the act of 1831 —the warranty— that the bond was given for the clock;—the failure of the warranty, and that he could not find A. to return the clock to, or to sue on the warranty.

Held to amount to a good defence in equity, and under that act—and on that act formerly given in this case in part overruled.

expressions in that opinion were too broad for the occasion.   The judgment of the circuit court is reversed—the cause is remanded for a new trial.

