### Wilcox v. Powers *Adm'r. of Poor.*

Appeal from the Circuit Court of Pike County.

An administrator may avail himself of an equitable defence to a demand, presented to the county court for allowance against a deceased estate.

#### *Wells for Appellant.*

First, The failure of the clock to perform is no defence at law to the note. The party would be left to his action on the warranty. One cause of action cannot be set off against another

Second, In equity the failure of the warranty could only be a defence to the note in case of the insolvency of the warrantor or under such circumstances as that an action on the warranty would be unavailing.

Third, Admitting the equity jurisdiction of the county court, the defence is not made out.

Opinion of the court delivered by Napton Judge.

Wilcox presented to the county court of Pike county, for allowance against the estate of Emanuel Poor deceased, a note executed by said Poor, in his life time, to one William Alton for $38. On the back of the note was the following

K

OCTOBER TERM endorsement: "This note is given for a clock which is war-
1839. ranted to be a good time piece for six months. If it should
Wilcox fail said Poor is to be furnished with one that will. (Signed)
vs. Wm. Alton." The execution of the note by Poor and of
Powers admr' the warranty by Alton were admitted. A son of the decea-
of Poor. sed proved that the clock did keep good time about five
months with a few occasional stoppages, at the expiration
of which time the clock stopped, on account of the breaking
of a chord attached to one of the weights, and that the alarm
did not go off as well as could have been desired, for what
cause witness could not say; that some time in the fall of the
same year, after the expiration of the six months during
which the clock was warranted to run well, Wilcox called
at his fathers house, remained all night and repaired the
clock by putting in a new chord; that since that time the
clock has run tolerably well, except a few occasional stop-
pages; and that some time after said note became due, some
one called on his father for payment, but his father refused,
saying that Alton might sue on it. This was in substance
all the evidence. The county court refused to allow the
note, from which decision Wilcox appealed to the circuit
court. The circuit court affirmed the opinion of the coun-
ty court, and the plaintiff appeals to this court. According

An admin to the decision of this court, in the case of Davis vs. Cleve-
istrator may land, 4 Mo. Rep. 206, the county court committed no error
avail himself
of an equita- in allowing the defendant to avail himself of an equitable
ble defence to defence; the only question is, whether the circuit court ex-
a demand.
presented to ercised its discretion soundly in affirming the judgment of
the county
court for al- the county court, upon the facts, thereby depriving the ap-
lowance a- pellant of the benefit of a new trial, Rev. Co. § 35, p. 63–4–
gainst a de-
ceased estate. 8. There was not sufficient proof of the failure of the war-
ranty, for the defendant did not show any facts from which
an inference could be drawn that the clock was not a good
time piece. True it stopped when the chord attached to the
weight broke, and it occasionally stopped after the chord
was mended, but whether these stoppages were owing to
the negligence or carelessness of the owner in failing to
wind it up at suitable periods, does not appear. No defi-
ciency in the mechanism was shown, or that it was not well

adapted to the ends it promised to accomplish. There is such an entire abscence of testimony on these points as well warranted, in our estimation, a new trial. Judgment reversed and cause remanded.