In the matter of the ESTATE OF GABRIEL GODFREY, deceased.

Where the creditors of an estate have lost their remedy against the executor or Administrator, by lapse of time, Courts will not grant, or license to sell, the real estate for the payment of the claims thus barred.

When it becomes necessary to sell the real estate of an intestate to pay his debts, the Administrator should move for a sale at the earliest opportunity. It is for the Court to determine, in its discretion, what is a reasonable time, under the circumstances of the case, to ascertain when the Administrator discovered the insufficiency of the personal estate, and whether he pursued, with reasonable diligence, the requirements of the Statute in such case. Accordingly, where the Administrator, seventeen years after the estate was reported insolvent, petitioned for the sale of real estate, it was *held* (without reference to the question whether the action of the creditors against the Administrator was barred by the Statute), that the Administrator's right to the order of sale was barred by the lapse of time.

Case certified from the Circuit Court for the County of Wayne.

This was an appeal from the Judge of Probate to the Circuit Court for the County of Wayne, and certified to this Court for its opinion upon several questions of law raised upon the facts, as found by the Circuit Court. In the Fall of 1833, Gabriel Godfrey died intestate. On the 31st of March following, letters of administration were granted to Monique Godfrey and Robert Abbott, who, on the 16th of April following, qualified, and gave notice pursuant to law. On the 15th of September, 1834, the estate was declared insolvent, and a commission issued to three persons to receive proof of claims against the estate, and to report their doings in six months. The time was afterwards extended to the 1st of May, 1836. On the 2d of May, 1836, two of the Commissioners (the other having neglected to qualify) made their report to the Judges of Probate, from which it appeared that claims to the amount of $6,000 had been

proved before them. The report was allowed and confirmed by the Judge of Probate, on the 6th of June following. It does not appear that said Godfrey and Abbott, or either of them, ever rendered any administration account, or did any other act towards settling up the estate, after the confirmation of the report. On the 4th of April, 1853, the petitioner in this case, Francis Palms, was appointed Administrator, *de bonis non*, on the petition of one of the creditors of the estate. On the 6th of June, 1855, said Palms filed this petition for the sale of real estate. It was from the order of the Judge of Probate, granting this petition, that this appeal was taken.

Five several questions were certified by the Circuit Court for the opinion of this Court. The fifth question was, whether the right to the order for the sale of real estate was lost or barred by the lapse of time, or by any of the statutes of limitation.

The view taken by the Court of the fifth point, rendered it unnecessary to express any opinion upon the first four, and they, are, therefore, not stated.

*A. D. Frazer* and *L. Bishop*, for appellants.

*J. V. Campbell*, for petitioner.

By the Court, JOHNSON, J.

The first section of the Act entitled, "An Act for the distribution of Insolvent Estates," approved April 12, 1827, provides, among other things, that when an estate shall have been declared insolvent, and the Commissioners appointed to receive and examine creditors' claims shall have reported their doings, the Judge of Probate shall, after deducting certain expenses of administration and other demands therein specified, order the residue and remainder of the estate, both

*real and personal*, to be distributed among the creditors so proving their claims before the Commissioners, in proportion to the sums so respectively due.

The second section of said Act reads as follows : " That whenever any executor of the last will, or Administrator upon the estate of any person deceased, or that may hereafter decease, already appointed, or that may hereafter be appointed, shall neglect to *exhibit and settle his account of administration* with the Judge of Probate, when the estate has been represented insolvent, and Commissioners have reported to the Judge of Probate a list of claims, within six months after such report shall be made to the Judge, or within such time as the Judge of Probate shall think fit to allow therefor, under his hand and seal, so that by such refusal and neglect the Judge cannot proportion the estate among the creditors, any creditor to such estate may commence and prosecute an action, or prosecute any action then already commenced and depending, for his demand against such executor or Administrator ; and the Court, before whom such action may be depending, shall and may proceed to hear and determine the same, and to give judgment therein, and award execution thereon in the same manner as if such estate had not been represented insolvent, anything in this Act, or any other, to the contrary notwithstanding ; and upon the return of such execution, or administration, refused or neglected, upon due request to satisfy the same, such refusal or neglect shall be deemed waste, and upon *scire facias* brought, judgment shall and may be given in favor of such creditor, to recover his debt, with costs, against the proper goods or estate of such executor or Administrator, and for want thereof, against his body ; and if, in consequence of such refusal or neglect, the real estate of the deceased shall be exposed to be, and shall in fact be levied upon and taken to satisfy such execution, it shall in like manner be deemed waste in the executor or Administrator upon such estate."

In the matter of the Estate of Gabriel Godfrey, deceased.

It will be found upon an examination of this Act, that in cases of insolvent estates it is not necessary, as a pre-requisite to the application for license to sell the real estate, that the executor or Administrator should render an account of the administration of the personal property, because the declaration of insolvency shows the necessity of such sale, and it becomes his duty at once to sell said property, for the purpose of enabling the Court to make the distribution, and to enable himself to discharge his trust within the time prescribed by said section two, for he may become personally liable for not so doing.

If the executor or Administrator shall sell the real estate, and settle his account of administration within six months after the report of the Commissioners, so as to enable the Judge to make the distribution, then he becomes discharged from all liability; but if he shall fail so to do, a suit may be commenced against him, as if the estate had not been declared insolvent, and upon refusal to pay any judgments which may be rendered in such suits, he shall be deemed guily of waste, and upon *scire facias* brought, execution shall issue against his own goods and estate.

Now, in the case at bar, the original Administrator and Administratrix neglected to exhibit and settle their administration accounts, within the time prescribed by said section two, by reason of which they became liable to prosecutions at the instance of the creditors, and finally for the payment of the debts of the estate.

The right of action to the creditors of this estate accrued on the 2d day of October, 1836, that being six months from the report of the Commissioners.

*This* right of action, thus given to creditors as provided by section two, was for their benefit, and to compel a speedy and faithful administration of estates; but it is contended by counsel for the appellants, that this right is limited by express provisions of the statute, and that the time having

elapsed in this case, the Court will not grant to the appellee the relief prayed for in his petition.

By section three of the Act of 1818, in the Statute of 1833, p. 320, the right of action against executors and Administrators is limited to four years, and by the general Act of Limitations, p. 570, actions are limited to six and eight years, depending upon the nature of the claims; and if either of those statutes apply, it is a perfect answer to the relief sought in this case, for the authorities are clear that, where the creditors of an estate shall lose their remedy against the executors or Administrators, by the lapse of time, Courts will not grant a license to sell the real estate of the heirs for the payment of debts thus barred by the Statute of Limitations.

We have examined these Statutes of Limitations very carefully, and we are not fully satisfied that they apply to the action given to the creditors against the executor or Administrator in estates declared insolvent, as provided by said section two.

The difficulty of applying the provisions of section three of the Act of 1818, seems to arise from the language of said Act. It is declared in that section, that the action shall be commenced within four years from the time of the executor or Administrator accepting the trust, provided that the notice of such acceptance shall be given according to law. Now, the four years provided in that section may possibly expire before the right of action would accrue under said section two.

If the language was, from the accruing of the right of action, or some equivalent expression, there would be no difficulty. And it may be said, with much reason, that such is the fair interpretation of the Act, for there is no conceivable reason why the right of action should be, in the one instance, limited to four years, and the other be unlimited, unless it be for reasons which we shall notice hereafter. Nor are we satisfied that, by any fair construction, we can make the general Act referred to apply in this case.

In the matter of the Estate of Gabriel Godfrey, deceased.

However that may be, we are not disposed to give any construction to these Statutes of Limitation, as we prefer deciding the cause upon other grounds.

. Now, this application is made for, and in behalf of the creditors of this estate, or in behalf of the original Administrator and Administratrix. Are either of them entitled to this relief? The latter made themselves liable by their own neglect, because, by said section two, if the creditors obtained a judgment against them in their representative capacity, and they refused or neglected to pay the same, they became liable to an execution against their own goods and chattels, and eventually against their bodies. The former had a full and adequate remedy by said statute for the collection of their debts, and they have slept upon their rights for the period of over seventeen years, before this proceeding was commenced, and it may be more than doubtful whether the Court would have entertained these proceedings at any time after this right of action accrued. It would not have done so for the benefit of the original Administrator and Admin-itsratrix, because they had been guilty of a breach of duty in not settling up the estate within the time prescribed by law, and the Court would not have relieved them from the liability which the statute had imposed, at the expense of the heirs and other persons interested in the estate. *This* would have been in direct violation of the clear, expressed intention of the Legislature. The Court would not have entertained these proceedings for the benefit of the *creditors*, because their remedy was full, adequate and complete, and because that would have been equally in contravention of the intention of the Legislature. And *again*, these creditors still have the same remedy, unless it is barred by the Statute of Limitations, or unless they have lost it by their own unreasonable delay. In either case, then, they are not entitled to this relief.

The present Administrator can have no interest in this

40

application. It cannot be pretended that the creditors have any right of action against him in his representative capacity, so as to affect the property of this estate; that property has been released from all burdens occasioned by the debts of the estate, in the manner above stated, more than nineteen years.

If the foregoing views be correct, then the application should be dismissed, because the Court will not entertain proceedings of this kind, when the legal remedy is lost. (*Campau* vs. *Gillett*, 1 *Mich.*, 417; *Scott* vs. *Hancock*, 13 *Mass.*, 162; *Allen, ex parte*, 15 *Ib.*, 58; *Thompson* vs. *Brown*, 16 *Mass.*, 172; *Heath* vs. *Wells*, 5 *Pick.*, 140; *Nowell* vs. *Nowell*, 8 *Greenl.*, 220.) The power of the Court to grant license to sell real estate, in cases of this character, is always discretionary, and it will never be exercised in any case when, by so doing, substantial injustice will be done, or more properly, when substantial justice does not require it; and the application should be made within a reasonable time. *Mooers* vs. *White*, 6 *J. Ch. R.*, 377, 16 *Mass.*, above cited.)

In the first cited case of Mooers *vs.* White, Chancellor Kent, after referring to the provisions of the statute of that State, says : " I infer from them, that the law intended that the executor or Administrator should make his application with due diligence, and in a reasonable time, and if he does not, the Judge or Surrogate has, from the nature of his judicial trust, a discretion to reject the application.

" What is reasonable time, may be another question; all I mean to say is, that the Judge of Probate or Surrogate must be enabled to determine, in sound discretion, what is a reasonable time under the circumstances of the case, and to determine when the executor did first discover, or had grounds to suspect, the insufficiency of the personal estate, and whether, *as soon as conveniently might have been*, he had made out an account, and filed an inventory, and applied the assets in hand according to the requisitions of the statute.

In the matter of the Estate of Gabriel Godfrey, deceased.

If he has been guilty of gross negligence, or palpable *laches* on these points, he is not clearly in season within the meaning of the Act, and the Judge ought not to permit him, or the creditors who prompt him by this summary proceeding, to sweep away the real estate of the heir."

Applying the rule contained in the above citation, and its soundness, we think, cannot be controverted, we find no difficulty in dismissing this application on the sole ground of *laches*, without reference to the interests, claims, or liabilities of either the creditors, or the different persons who, at different times, have represented the interests of this estate.

It would be the extreme of hardship, if not of injustice, to allow, at this late day, the heirs and their grantees to be disturbed in the quiet and peaceable possession of the property in question.

If the Statute of Limitations does not apply in this case, nevertheless, in the exercise of this discretionary power, we are not to overlook the evident intentions of the law.   By the statutes above cited, it clearly appears that the intention of the Legislature was to compel the executor or Administrator, when it became necessary to resort to these means to settle up an estate, to move at his earliest convenient opportunity. Four years are allowed in cases where the estate is not declared insolvent, and this may be regarded as a safe and equitable rule in cases of this kind.   And conceding that the right of action was intentionally preserved to the creditors in this class of cases, by reason of the neglect of duty of the executors or Administrators, yet *that* is no argument in their favor when their proceedings are to affect the right of the *heirs* at law.

Let it be certified to the Circuit Court, as the opinion of this Court, that the petitioner's right to an order for sale of real estate in this case, is barred by the lapse of time.

Present, JOHNSON, WING, BACON, COPELAND, GREEN, J. J. MARTIN, J., did not sit.