———o-o-o———

### Dewitt C. Holbrook vs. William Cook, Admr. &c.

To authorize a [writ of error, there must be a final judgment or determination in the inferior court ; it will not lie to bring up interlocutory proceedings merely, or discretionary orders made pending the litigation.

Nor will such writ lie where the proceedings are not after the course of the common law : it is not enough that they are had in a court which ordinarily and primarily exercises common law jurisdiction.

Where, therefore, on appeal from the Probate Court, the [Circuit Court reversed, with costs, an order for the removal of an administrator, entered *nunc pro tunc* some months after being made, and remanded the case to the Probate Court for action upon the administrator's account filed therein ;—*Held,* That error would not lie to bring the case to this Court for a review of the action of the Circuit Court in the premises.

*Heard June 2d and 3d. Decided June 10th.*

Error to Wayne Circuit Court.

William Cook, defendant in error, presented his account as administrator upon the estate of Maria Williams, deceased, in the Probate Court of Wayne county, for allowance, on 13th March, 1857. Holbrook, claiming to be assignee of a creditor of said estate, on 20th March appeared to resist the allowance of said account, and moved for an order of Court, that an alleged order, removing Cook from his said trust, claimed to have been made by the Court on 22d October, 1856, but which was not entered of record in the Probate Court, might be entered *nunc pro tunc ;* which motion, on 31st March, was granted. The Probate Judge, in his return

made to the Circuit Court, on appeal, says the administration-account was disallowed. Cook, the administrator, took an appeal to the Circuit Court, from the action of the Probate Court allowing the order of 22d October, 1856, to be entered *nunc pro tunc*, and refusing to audit his account as adminis-trator. On said appeal, Holbrook appeared as one of the contestants. On the trial, the order of the Probate Court, as to allowing the alleged order of October 22d, 1856, to be entered on 31st March, 1857, *nunc pro tunc*, was reversed, and an order entered that the case be remanded to the Pro-bate Court of Wayne county, to take such further action on the administration-account which had been presented and filed by Cook, as might be proper; and that Holbrook, as contestant, pay Cook's costs on the appeal, to be taxed.

Thereupon, on the 2d October, 1857, Holbrook sued out this writ of error. The return to the writ of error shows no costs taxed.

Cook now moves the Court to dismiss the writ of error, as unauthorized.

*Hand & Hall*, for the motion:

1. A writ of error lies only upon a judgment given in a court of record acting according to the course of the common law.—1 *Arch. Pr.* 230; 2 *Saund.* 101, *Note* 1; 1 *Salk.* 263; 2 *Tidd Pr.* 1188; *Gra. Pr.* 931; 3 *Bac. Abr.* "*Error*," *A.* 3; 11 *Mass.* 466; 8 *Greenl.* 293; 5 *Binn.* 27; 2 *Bing.* 344; *Ibid.* 463.

When the Court acts in a summary manner, or in a course different from the common law, a certiorari, and not a writ of error lies.—1 *Arch. Pr.* 230; 2 *Tidd Pr.* 1188; 2 *Saund.* 101, *Note* 1; *Gra. Pr.* 931; 1 *Salk.* 144, 263; *Com.* 80; 1 *Ld. Raym.* 469; 8 *Wend.* 47; 1 *Doug. Mich.* 319; 2 *Doug. Mich.* 358; 1 *Mich.* 37; *Ibid*, 504.

This classification of remedies is recognized by our stat-utes.— *Comp. L.* §§ 3382, 5332, 5336, 5345. And by our courts.—1 *Doug. Mich.* 320.

2. The proceedings had in this case, in the Circuit Court, were not proceedings according to the course of the common law. — 11 *Mass.* 507, 502; 11 *Pick.* 423; 4 *Cush.* 510, 512; 8 *Cush.* 429, 535; 2 *Doug. Mich.* 515. They can not, therefore, be removed to a higher court, for review, by writ of error.

*Howard, Bishop & Holbrook,* contra:

The Probate and Circuit Courts are both courts of record; and appeals are expressly given from the former to the latter. — *Comp. L.* § 3631. When an appeal is taken, the Circuit Court is to proceed to the trial and determination of the questions involved in the case, according to the rules of law; and an *issue may be joined* therein, and a *trial be had by a jury.* — *Comp. L.* §§ 3635, 3641.

The Supreme Court has a general superintending control over all the inferior courts. — *Const. Art. VI.* § 3; *Comp. L.* § 3382. Appellate jurisdiction is expressly given to it in probate cases. — *Comp. L.* § 3384. This term, *appellate jurisdiction,* used in the statute, is to be understood in its general sense, signifying the power of review, and it is not to be applied to *appeals* only, as contradistinguished from writs of error. The term, in the statute, is applied to cases in *equity,* at *law,* and in *probate* cases; and the general meaning of the term is as before stated.—1 *Bouv. L. Dic.* 108, 683; 2 *Ibid.* 273.

Writs of error are expressly authorized by statute *upon any* final judgment *or determination:* so that it is not confined to technical *judgments* at common law. — *Comp. L.* § 5332.

Such is also the object of the writ at common law. It lies to review judgments, *or awards in the nature of judgments,* where error is alleged. — 2 *Bac. Abr.* 448, 450, 452; 1 *Bouv. L. Dic.* 474; *Gra. Pr.* 931, 933; 6 *Johns.* 337; 12 *Johns.* 31.

Upon a writ of error, the cause is examined and the judgment is affirmed or reversed; while, on appeal, the whole

case is open for a new trial on the merits.— 1 *Bouv. L. Dic.* 107. In a probate case like this, it would be impossible to re-try the case, on the merits, in the Supreme Court.

It is also a rule which has no exceptions, that an *appeal* does not lie in any case unless expressly given by statute; and we have no law which authorizes appeals in probate cases from the Circuit to the Supreme Court.— 3 *Hamm.* 277; 14 *Mass.* 412, 420; 7 *Pick.* 320, 321.

It does not meet the case, to say that we might obtain a review by a common law *certiorari*, for the statute evidently intended to afford a review by the Supreme Court *on the merits*, whereas only the question of *jurisdiction* can be considered on *certiorari.*— 2 *Burr. Pr.* 197; 25 *Wend.* 167, 168, 169, *and cases cited;* 2 *Hill*, 9, 11.

The removal of causes from Justices' Courts to the Circuit Court by statutory certiorari, is closely analogous to this; and it is an every-day's practice to remove the judgments of the Circuit Courts, in such cases, to this Court, by writ of error.

Martin Ch. J.:

The writ of error lies, upon any final judgment or determination of a court of law and of record, to remove the record into this Court, for review. — See *Comp. L.* §§ 5332 *and* 5340; *and cases cited by counsel.* To authorize it, it is necessary that there should be a *final* judgment or determination upon the matter in controversy in the inferior court, and it is never employed merely to bring up interlocutory decisions, or discretionary orders made pending the litigation. Usually, this writ, being a common law writ, is directed only to courts proceeding after the course of the common law; and I am not aware that our laws, giving to this court a general supervisory power over all inferior jurisdictions, have been construed, in any case, to allow this writ to run to courts of probate, or to any other than a common law jurisdiction.

It is true Probate Courts are " courts of record," being

declared to be such by the Constitution, but they are not "courts of law," according to the ordinary use of the term. They derive their origin and jurisdiction from a source altogether distinct from the common law, and they exercise no functions peculiar to that system. Parties can not litigate questions of fact in them, except in the instance of probate of wills, or when the power of appointment is to be exercised; and then no issues are joined by pleadings, no juries are known, and they render no judgments — their determinations being called orders, sentences, or decrees — and upon summary inquiry, with or without notice, as the case may be. If questions of fact, such as are the subjects of ligitation at law, are to be determined within their jurisdiction; as, for instance, the allowance or disallowance of claims against an estate; they are generally determined through the action of commissioners appointed by the Court, and from their decision no appeal lies to the Probate, but does to the Circuit Court. —*Comp. L.* §§ 2916, 2923, 2935, 2945. The orders and decrees of these courts are subject to review only in virtue of statutory provisions, and not of their inferior character (for, primarily, they are not courts of inferior jurisdiction, as Justices' and Circuit Courts are); and the statute confers the power of review only upon the Circuit Courts, through an appeal, and thereby confers upon such courts superior jurisdiction.

The character of this jurisdiction is worthy of notice. While appeals from Justices' Courts to the Circuit, and from chancery to this Court, are only allowed after final judgment or decree, from Probate Courts they are allowed from orders, sentences, decrees or denials, whenever and as often as occasion may arise (*vide, Comp. L.* §§ 3007, 3631); and the Circuit Court does not, in analogy with its jurisdiction in appeals from Justices' Courts, try and determine the issue *de novo*, and render an original judgment, but proceeds in analogy with the jurisdiction of this Court in appeals from chancery, and, unless a question of fact is to be decided,

simply reviews the proceedings appealed from. When a question of fact is to be decided, an issue is joined under the direction of the appellate court (and here is the first and only issue in probate cases); and, after the trial of such issue, —as in every other case—the sentence or act appealed from is reversed or affirmed, in whole or in part; such order or decree as the judge of probate should have made is made by the Circuit Court, and the case remitted for further proceedings; or such other order may be taken therein as law and justice may require. —See *Comp. L.* §§ 3631, 3635, 3641. These appeals may and do occur during the various stages of settling estates, and of the exercise of the peculiar jurisdiction of the court, and upon interlocutory proceedings; and no final action or determination is necessary, as in cases at law; and, indeed, in the exercise of many of its most important functions, no *final* determination (technically speaking) is made. The great desideratum in proceedings in probate cases is despatch, and hence the reason of the peculiar jurisdiction conferred upon the Circuit Courts by this remedy.

To allow a writ of error to the Circuit Court, for the purpose of reviewing its proceedings upon these appeals, would interminably procrastinate the settlement of estates, and operate as a most oppressive burthen upon the public. This consideration, of itself, were the question a doubtful one, would induce us to hesitate long, before we recognized this remedy; but a consideration of the nature of the writ, and the remedy, satisfies us that it lies in no case where the proceedings are not after the course of the common law, and only after judgment on an issue formed according to it; and it is not enough that the proceedings are in a court which ordinarily and primarily exercises common law jurisdiction. It is true this Court has exercised jurisdiction in cases of appeals from probate judges to the Circuit Courts, and also in appeals from commissioners of claims to that court (*vide, In the Matter of the Estate of Godfrey,* 4 *Mich.* 308; *In the Matter of the Appeal of Dickinson,* 2 *Mich.* 337; *McBride vs. Cicott,*

4 *Ibid.* 479; and *Millerd vs. Lund,* decided at *January Term,* 1857); but all these cases were after trials in the Circuit upon issues of fact, and where the proceedings were after the course of the common law; and no instance is known of the exercise of this jurisdiction, where the appeal was from an interlocutory order or discretionary ruling, and where the office of the appeal was to obtain a review, and not a trial of a question of fact.

We think the same principle underlies this question as did that in *Parker vs. Copland,* 4 *Mich.* 548, and that the reasons which induced this Court to retain the writ of error in that case would quash it in this.

All the Justices concurred.

*Writ of error dismissed.*