FREDERICK BESANÇON AND PETER THIERRY v. HENRY F. BROWNSON.

*Revocation of probate—Presentation of foreign probate.*

Probate courts cannot divest or decide on rights of property vested under proceedings valid on their face.

Where the execution of a will has been conclusively established and it has been regularly probated, and a later will is afterwards produced which does not revoke the former one in terms, the question of revocation cannot be determined in a mere proceed-

ing for the probate of the later will if there is any room for a dispute as to construction. And if probate is allowed, the former probate should be left to stand for what it is worth, and its effect may be decided elsewhere.

Legal proceedings bind only parties and their privies, and though proceedings *in rem* bind every one, they must have been commenced by some authorized person.

The foreign probate of a will cannot be allowed if not presented by an executor or other person interested in the will; and no other person can be "aggrieved" by the decision and therefore entitled under Comp. L., § 5216, to appeal from it.

Certiorari to Wayne Circuit Court.   Submitted October 9.   Decided October 22.

*John W. McGrath* and *C. I. Walker* for plaintiffs in certiorari. One will does not revoke another unless it contains express words of revocation, or makes an incompatible disposition of the property (4 Kent's Com., 528; *Hitchins v. Basset,* 3 Mod., 203; *Harwood v. Goodright,* 1 Cowp., 87) and both wills must stand, *Goods of W. Harris,* 18 W. R., 901; *Goods of Sophia Stevens,* id., 528; *Price v. Maxwell,* 28 Penn. St., 38; *Schultz v. Schultz,* 10 Gratt., 373; *Brant v. Willson,* 8 Cow., 56; *Doe d. Murch v. Marchant,* 6 M. & G., 824; 46 E. C. L., 822; 1 Williams' Executors, 131; probate courts on petition for probate of a foreign will, cannot translate it, *L'Fit v. L'Batt,* 1 P. Wms., 526; nor apply rules of construction, which power belongs to Equity, 1 Redf. Wills, 492; 3 id., 60; an implied revocation extends only to plainly inconsistent provisions, *Baldwin v. Baldwin,* 22 Beav., 413; *Thomas v. Evans,* 2 East, 488; *Goblet v. Beechey,* 2 Russ. & Myl., 624: 11 Eng. Ch.; *Doe d. Hearle v. Hicks,* 8 Bing., 475: 21 E. C. L., 627; *Campbell v. Harding,* 2 Russ. & Myl., 390; *Covenhoven v. Shuler,* 2 Paige, 130; *Rathbone v. Dyckman,* 3 Paige. 27.

*Van Dyke & Brownson* for defendant in certiorari.

CAMPBELL, C. J.   This proceeding is brought to review the action of the Wayne circuit court affirming an order

of the probate court of Wayne county which admitted to probate a will proven in Louisiana, and revoked the probate of a former one executed in Michigan.

On the 14th day of April, 1876, a will made in August, 1858, by Margaret Hendry, who at the time of her death was Margaret Barrios, and who was at the date of her death in May, 1871, domiciled with her husband, Octave Barrios, in the parish of LaFourche in the State of Louisiana, was admitted to probate by the probate court of Wayne county. This will bequeathed and devised to her sister Adele Thierry, and her brother-in-law, Peter Thierry, all of the real and personal property owned by the decedent in Wayne county, Michigan, and no other property. This probate was never appealed from, and was regular.

These devisees afterwards sold half of their real estate to Frederick Besançon, who held it when the second proceedings in the Wayne probate court were had.

On the 26th day of May, 1871, an instrument purporting to be a later will, not witnessed, but purporting to be holographic—or written throughout by the testatrix, in the French language, giving whatever was thereby disposed of to her husband, was admitted to probate, as is for the purposes of this decision assumed, by the parish judge of LaFourche in the State of Louisiana.

The record before us does not show such facts to have been proven in the court below as were necessary to make out such a probate, but in the view we have taken of the other points we need not dwell upon this. Whether any notice was given which would have enabled her heirs to appear and contest the probate does not appear.

This probate had been granted five years before the proceedings in the Wayne probate court to establish the first will, and Octave Barrios never took steps to intervene or appeal from that allowance.

On the 11th of April, 1877, Henry F. Brownson, who is not an heir, and is not personally interested in the

estate, presented a petition setting forth the Louisiana probate of the second will and asking for its probate here, and for administration to be granted under it to Octave Barrios.

The judge of probate admitted the second will to probate and revoked the probate of the first will which was declared not to be the last will of the decedent.

In view of the imperfections of the record sent up on appeal, and the omissions of what was important documentary and statutory proof, and in further view of the state of the case as to parties, we shall not attempt to go further than seems necessary to prevent misapprehension.

There is no statutory provision concerning the revocation of probate, or its effect on existing rights. Neither is there any statute providing for cases where a will claimed to be later in date than the one before probated is presented for probate, nor declaring the effect of probate of one will on a later one which was known to exist before the time of the first probate but not then produced.

The difficulties attending a case like the present, where the Louisiana probate of the second will was not made known when the Michigan probate of several years later was had of the first will, are very serious, and still further complicated by the transfer to a purchaser of the property given by the first will.  As counsel did not argue these questions and confined their discussion to the validity of the action below, if jurisdiction was admitted, we cannot properly dispose of them.

If the probate court was possessed of authority to probate the second will, we have no hesitation in saying there was no authority in this case to revoke the earlier probate.   The execution of the first will was under our statutes conclusively established.  Comp. L., § 4341.

The second will is in a foreign language which contains words which, according to the witnesses, admit of

different meanings according to their collocation. It contains on its face no revocation of the first will, which was confined to property in Michigan. If it revoked the Michigan will it did so inferentially and by necessary repugnancy. We do not conceive that the decision of such a question as affecting a former probate is proper in a mere probate proceeding where there is any room for dispute as to construction. In such a case, if probate of the second will is allowed, the former probate should be left to stand for what it is worth, and if parties dispute the construction or effect, it should be decided elsewhere. It is not the proper function of a probate court to divest or decide upon vested rights of property which are derived or assured under proceedings which were regular and valid on their face.

But the present proceedings are entirely illegal on another ground. The statute authorizes no one to bring in a foreign probate for allowance unless presented by "the executor or other person interested in such will." Comp. L., § 4343.

This we think is a necessary and jurisdictional condition which should appear in the record. Legal proceedings bind none but parties and their privies, and while proceedings *in rem* when legally instituted bind every one, yet they must be commenced by some authorized person. If strangers could set such proceedings on foot it is easy to see how the rights of the persons interested might be destroyed without their knowledge or consent. The person who is allowed to begin proceedings is practically if not theoretically the *magister litis* and can shape process, pleadings and proofs very much as he pleases. He may present a case in such a way as to jeopardise the entire proceeding, and charge the estate with obligations that affect all parties in their rights.

In the present case, for example, if Mr. Brownson could have been original petitioner and the decision below

had been adverse, it would have been very strange if he could not have appealed to the circuit the proceeding he had commenced in the probate court. But the statute expressly confines appeals to parties "*aggrieved.*" Comp. L., § 5216. He could not be regarded as aggrieved, because he had no concern in the controversy. This question has already been settled in this court. In *Labar v. Nichols,* 23 Mich., 310, it was held that an heir at law who had been left as his sole portion a small legacy which it was morally certain the funds would pay, was not authorized to appeal from the allowance of an administration account, although there was a remote and very unlikely possibility that contingencies might occur which would imperil his legacy. In *Dickinson's Appeal,* 2 Mich., 337, an appeal was taken and bond made by an attorney in his own name from proceedings on the rejection of a claim. The court held the provision imperative which required action by the party himself. The same principle was recognized in *Taff v. Hosmer,* 14 Mich., 249, where the subject is further discussed.

It follows that the entire proceedings on the second probate are illegal.

The order of the circuit court and of the probate court must be reversed and vacated, and the proceedings to probate the second will set aside, and the petition dismissed. And it must be certified to the probate court of Wayne county that the estate of the decedent and the administration thereof must continue to stand unaffected by said petition of Henry F. Brownson and the proceedings thereunder.

Plaintiffs in certiorari are entitled to costs of both courts against defendant in certiorari.

The other Justices concurred.