JAMES BARLOW, Administrator, Respondent, v. MINNIE L. CLARK *et al.*, Appellants.

Kansas City Court of Appeals, November 9, 1896.

1. **Administration:** SALE OF REAL ESTATE: LACHES: REASONABLE TIME. The administrator should proceed in a reasonable time to sell the real estate of the decedent for the payment of debts; and a reasonable time should be determined by the conditions and circumstances surrounding the case; and in this case the delay of eighteen years is *held* not to be unreasonable.

2. ———: ———: REASONABLE TIME: EVIDENCE OF PROBATE JUDGE. In determining the question of the reasonableness of the delay, the evidence of the probate judge is *held* to be admissible in this case.

*Appeal from the Harrison Circuit Court.*—HON. P. C. STEPP, Judge.

AFFIRMED.

*D. J. Heaston* for appellants.

(1.) The law requires an administrator to settle an estate in two years. The delay of eighteen years in this case was therefore inexcusable and came too late under the law. *Gunby v. Brown*, 86 Mo. 253; *Macey v. Stark*, 116 Mo. 483; *Swan v. Thompson*, 36 Mo. App. 155; *Weinerth v. Trendley*, 39 Mo. App. 333; *Hadley v. Gregory*, 10 N. W. Rep. 319; s. c., 57 Iowa, 157; *Creswell v. Slack*, 26 N. W. Rep. 42; s. c., 68 Iowa, 110; 26 Am. St. Rep. 19; 2 Woerner Adm. Law, p. 1024, sec. 465.

(2) It was error to permit witnesses to testify as to oral understanding between the administrator and the probate judges in reference to a sale of real estate for payment of debts.

*Wanamaker & Barlow* for respondent.

(1) The court properly admitted the evidence of the administrator and probate judge in this case. (2) Under all the facts, circumstances, and record in this case, the administrator was not guilty of *laches* in not obtaining an order of sale prior to this date. R. S. 1889, sec. 169; R. S. 1879, sec. 170, art. 8, chap. 1; 1 Stat. 1872, sec. 47, p. 100; Gen. Stat. 1865, sec. 47, chap. 122; *Patee v. Mowry*, 59 Mo. 161; *Teverbaugh v. Hawkins*, 82 Mo. 180; *Day v. Graham*, 97 Mo. 398; R. S. 1889, sec. 191; 20 Mo. App. 355; R. S. 1889, sec. 6796; R. S. 1879, sec. 3251; Limitation Wag. Stat. 1872, sec. 31, art. 2; *Gunby v. Brown*, 86 Mo. 253; *Macey v. Stark*, 116 Mo. 481; *Swan v. Thompson*, 36 Mo. App. 155; *Weinerth v. Trendley*, 39 Mo. App. 333; 2 Woerner Adm. Law, p. 1024, sec. 465.

ELLISON, J.—The probate court granted an order for the sale of real estate of the deceased. One of the heirs appealed from the order to the circuit court, where, after a hearing, the order was renewed, and the heir brings the case here.

The objection to the order is the length of time intervening between the granting of letters and the order of sale. The facts are that the intestate died in October, 1876, leaving a widow aged thirty-two years, and four minor children aged two, four, six, and ten years, one of them being the defendant, Minnie Clark. He left some personal estate and the thirty-four acres of land in controversy, being his homestead. There was also indebtedness amounting to about $1,800. The

personal assets, after paying the widow her allowance, as provided by statute, only paid about one third of the indebtedness which had been allowed in the probate court. An administrator was appointed in 1876. He held the trust about two years and resigned, turning over the estate to the plaintiff, who was appointed to succeed him. The plaintiff made settlements, merely formal in character, from time to time, there being twelve in all, until the application for the sale herein. It appeared in evidence that heretofore no sale could have been made of the property; that effort had been made to find someone who would buy; that on account of the incumbrance of the widow's homestead for her life, and of the children's interest in the homestead until the youngest should become of age, no one could be found to buy the land at any reasonable figure, and it was talked over by the probate judge and the administrator, and by them understood, that it would be better to let the administration run along without final settlement until an opportunity presented itself, when a sale might be made.

The objection to the order of sale is that the length of time intervening from the appointment of an administrator being nearly eighteen years, the right to a sale has been lost by inexcusable delay. There is no statute of limitations on the period when the sale of a decedent's lands may be had to pay debts, and it has, therefore, been held to be a reasonable time. And what is a reasonable time depends upon the conditions and circumstances surrounding each case; that each case must furnish its own rule. *Gunby v. Brown*, 86 Mo. 253. In that case, the delay in applying for a sale was twelve years. The record, the court said, failed to disclose any reason for the delay. But in the case at bar, the record shows a reason for the delay. It shows that the matter had not lapsed into mere neglect. It

shows that it was not for any improper purpose. No maladministration appears. The probate court and the administrator had considered the matter and deemed it best not to apply for an order of sale or close the administration. The probate court, under such circumstances, as well as the circuit court, has found that there has been no laches, and that the sale ought to be ordered. And we, being influenced by the record disclosing the circumstances it does, do not feel inclined to interfere with their conclusion.

It is, however, objected that it was not proper for the circuit court to hear oral testimony as to what the opinions of the two or more probate judges who had composed the court during the period referred to, were. We think it was proper enough. The object was not to ascertain the action and doings of the probate court, which should appear by the record, but it was to throw light upon the action of the administrator and the court in the matter of delay. It was but a development in evidence of the circumstances which explained the action of the parties, and which tends directly towards a proper understanding of the case.

We do not feel authorized to disturb the result of the trial court's determination of the cause and hence affirm the judgment. All concur.