A. DERGE et al., Appellants, v. JEFFERSON HILL et al., Respondents.

**Kansas City Court of Appeals, November 23, 1903.**

1. **ADMINISTRATION: Final Settlement: Administrator De Bonis Non: Laches.** After an administration for fourteen years in which various sales of real estate and an order for the sale of the remainder in the homestead have been had, a final settlement was made and the administrator was discharged. *Held*, an administration *de bonis non* can not, on the application of the creditors, be had for the purpose of selling such remainder.

2. ———:.———: ———. Whether the liability of the remainder in the homestead was ended and closed in the judgment of final settlement, *quaere*.

3. ———: ———: ———: **Statute.** Nor does the statute (Laws 1893, page 52) apply in this cause since there are no after-discovered assets of the estate found.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey*, Judge.

AFFIRMED.

*R. L. Spencer* and *W. H. Utz* for appellants.

(1) Final settlements are only conclusive of matters adjudicated therein, and as it is admitted that the remainder in the homestead and dower was not sold by the administrator, there was no adjudication as to this asset. Nelson v. Barnett, 123 Mo. 564; Woerner, Administration, p. 1128; Bramell v. Adams, 146 Mo. 86. (2) Where an unadministered asset is discovered after the final discharge of the executor or administrator of an estate, and there are allowed unpaid demands against said estate, in cases not otherwise provided for, letters of administration of the goods remaining unadminis-

tered shall be granted to those to whom administration would have been granted if the original letters had not been obtained; and the administrator shall perform the like duties and incur the like liabilities as the former executors or administrators. Laws 1903, p. 52; Howell v. Jump, 140 Mo. 441; Ratliff v. Magee, 165 Mo. 461; Woerner's Administration, p. 1255. (3) Laws 1903 providing for the appointment of an administrator *de bonis non,* affects the remedy and not the right. Barnett v. Van Meter, 33 N. E. 666; Thornton v. Clinton, 148 Mo. 648.

*W. B. Norris* and *Joseph Morton* for respondents.

(1) The order of the probate court approving the final settlement, and finding that the estate had been fully administered and discharging the administrators, is a final judgment and a bar to further proceeding affecting the property involved in the administration except by direct attack in equity. Nelson v. Barnett, 123 Mo. 564; Patterson v. Booth, 103 Mo. 402; Ratliff v. McGee, 165 Mo. 461; Weinerth v. Trendley, 39 Mo. App. 333; McLean v. Bergner, 80 Mo. 414; Smith v. Hauger, 150 Mo. 437; 2 Woerner on Admr., 1027, 1028; State ex rel. v. Gray, 106 Mo. 526; Woodworth v. Woodworth, 70 Mo. 601; Van Bibber v. Julian, 81 Mo. 618; Covington v. Chamblin, 150 Mo. 524; Pierce v. Calhoun, 59 Mo. 211. (2) The seventy-seven acres of land involved in this controversy was inventoried as part of the estate in 1888. The administrators were ordered to sell it, subject to the homestead estate, and this order was renewed nine times. It was consequently within the reach of creditors during the process of administration and the rights of creditors to subject it to their claims terminated when the final settlement was approved and the administrators were discharged. Tetterington, Administrator, v. Hooker, 58 Mo. 593; 1 Story's Eq., sec. 552; Gunby v. Brown, 86 Mo. 253; State ex rel. v. Pro-

bate Court, 41 N. W. 1033; Bank v. Field, 156 Mo. 306. (3) An administration *de donis non* can not be had of property which has already been subjected to the jurisdiction of the probate court in a former administration, but only of property discovered after the former administration has been closed or which, for some sufficient reason has not been drawn into the former administration nor brought within the reach of creditors thereby. Laws 1903, p. 52; Woerner on Admr., sec. 573. (4) The amendment of 1903 is simply declarative of the law as it existed prior to its passage. By its terms it is made applicable only to those estates where, "after final settlement of an estate is had and the executor or administrator has been discharged, unadministered assets of the estate be discovered after such final discharge," and can not have any application to the facts disclosed by this record besides the rights of the heir were fixed by the law in force when the administrators were discharged at the August term, 1902, before the passage of the amendment of 1903. (5) The delay of fourteen years has extinguished the lien of creditors and destroyed their right to subject this land to their claims. Gunby v. Brown, 86 Mo. 253; Weinerth v. Trendley, 39 Mo. App. 333; McLean v. Berger, 80 Mo. 414.

ELLISON, J.—This proceeding is an application by creditors for the appointment of an administrator *de bonis non* of the estate of Thomas Hill, deceased. The probate court and the circuit court, on appeal, denied the application and the applicants have brought the case here.

It appears that Hill died in 1888 leaving a widow and children, and both real and personal property. The real estate consisted of 451 acres of land and the personalty amounted to more than $4,000 in value. Letters of administration were taken out in September, 1888, and demands amounting to more than $8,000 were allowed within two years. These demands being far in excess

of the personal estate, the probate court, on August 4, 1890, ordered the administrators to take charge of and rent the real estate. A few days thereafter the administrators presented their petition to that court for an order of sale of the real estate; and on the same day the widow asked that her homestead therein be set off. The homestead was duly set off January 15, 1891, amounting to seventy-seven acres of the land. On February 15, 1891, the court ordered the real estate sold, including the remainder in the seventy-seven acres homestead. Different parts of the land was sold at different times, there being nine renewal orders of sale, until all was sold save the remainder in the homestead. The proceeds of sales were applied on claims against the estate. Finally, on due notice given, the administrators made final settlement, which was approved March 6, 1899, and they were ordered to distribute the money remaining in their hands to the creditors and take vouchers, when in August, 1902, fourteen years after the beginning of administration, they were discharged. The appointment of an administrator *de bonis non* is sought for the purpose of now subjecting to sale the estate in remainder of the homestead.

We entertain no doubt of the correctness of the ruling of the trial court. It is now sought to have what may be termed a new administration of the estate to do that which was, without cause or excuse, left undone in the original administration. The estate in remainder in the homestead of the widow was subject to sale during the whole course of the former administration (Keene v. Wyatt, 160 Mo. 1), and it was in fact ordered to be sold. Yet, during a course of fourteen years, with a full knowledge of a deficiency of assets, these creditors permitted the administrators to neglect its sale and stood by, without appeal or protest, when final settlement was made of the estate. They had means of forcing then what they vainly seek to have done now. To permit an order of sale to be made now (which is the ultimate

object of this proceeding) should not be allowed. Gunby v. Brown, 86 Mo. 253.

The point has been made that the property now sought to be subjected to the payment of debts was in the former administration — was administered upon — and, in consequence, its liability to disturbance by administration *de bonis non* was ended and closed with the judgment of final settlement duly rendered and unappealed from. Authorities thought to be applicable have been cited by each party. But in the view we have taken above it is not necessary to pass on that question.

2. It is suggested by the applicants that the recent Laws of 1903, p. 52, entitle them to maintain this proceeding. That law reads as follows:

"If all the executors or administrators of an estate die or resign, or their letters be revoked, or after final settlement of an estate is had and the executor or administrator has been discharged, unadministered assets of the estate be discovered after such final discharge and there are unpaid allowed demands against said estate, in cases not otherwise provided for, letters of administration of the goods remaining unadministered shall be granted to those to whom administration would have been granted if the original letters had not been obtained; and the administrator shall perform the like duties and incur the like liabilities as the former executors or administrators."

That statute refers to assets discovered *after* final settlement. In this case there were no assets afterwards found. The homestead was administered upon. It was set off to the widow and the remainder was ordered to be sold, as above set out. There is no reason in calling it an after-discovered asset and no room exists for the application of the statute.

The judgment is affirmed. All concur.