THE STATE ex rel. MISSOURI GLASS COMPANY v. GEORGE D. REYNOLDS et al., Judges of St. Louis Court of Appeals.

**In Banc, June 10, 1912.**

1. **MANDAMUS: Discretionary Writ.** A sound judicial discretion is to be exercised when the court is asked to issue a writ of mandamus, and it should be withheld where there is a condition which does not appeal to sound discretion.

2. ———: ———: **Laches.** Delay in suing out the writ of mandamus is a valid and substantial reason for refusing it. Where an appeal from a judgment against relator was prosecuted through both the Springfield and the St. Louis Courts of Appeals, and the jurisdiction of neither, to hear the appeal, on the ground that the construction of the revenue law was involved, was raised until after the mandate of the St. Louis Court of Appeals had gone down to the circuit court and that court had entered up judgment against relator, the writ against the judges of the St. Louis Court of Appeals will be refused. To issue it after such delay in raising the question of jurisdiction would not be the exercise of a sound judicial discretion.

3. **APPELLATE JURISDICTION: Revenue Law.** The Constitution in giving the Supreme Court jurisdiction in cases involving a construction of "the revenue laws of this State" has no reference to special city charter provisions relating solely to local assessments. The Supreme Court has no jurisdiction on that ground over a controversy between the lessor and lessee as to which, under the lease contract, should pay a special assessment made by the city in a proceeding to widen the street, wherein the validity of the tax is involved and that question involves the construction of certain provisions of the city charter.

Mandamus.

WRIT DENIED.

*Joseph H. Zumbalen* and *Henry T. Ferriss* for relators.

(1) When the Court of Appeals is not given jurisdiction of a class of cases by the Constitution, such jurisdiction cannot be conferred by consent of parties. State ex rel. v. Nixon, 232 Mo. 496. (2) Mandamus is proper procedure to compel Court of Appeals to transfer a case to this court on the ground that this court has exclusive jurisdiction of the appeal. State ex rel. v. Smith, 177 Mo. 69. (3) The fact that the Court of Appeals had already handed down its mandate and has adjourned constitutes no reason why it should not now be compelled by the court to transfer this appeal. State ex rel. v. Phillips, 96 Mo. 573; State ex rel. v. Smith, 172 Mo. 629; State ex rel. v. Gibson, 187 Mo. 550. (4) This case involves construction of a revenue law of this State. (a) The right of the plaintiff to recover in the case depends on validity of the tax which they voluntarily paid, and the validity of the tax involves the construction of relevant provisions of the charter of the city of St. Louis. (b) The charter of the city of St. Louis is a law of this State, enacted under express authorization of the Constitution, and possessing at least equal dignity with an act of the Legislature. St. Louis v. Dorr, 145 Mo. 466; State ex rel. v. Mason, 155 Mo. 486; Meier v. St. Louis, 180 Mo. 409; Albright v. Fisher, 164 Mo. 64; Sluder v. Transit Co., 189 Mo. 129; Constitution, art. 9, sec. 21. The city of St. Louis is a political subdivision of the State, having the functions of a county and in that respect differing from any other city in the State. Constitution, art. 9, sec. 23; Constitution, art. 10, sec. 11, last clause; St. Louis v. Dorr, 145 Mo. 479; Gracey v. St. Louis, 213 Mo. 384; Sec. 8057, R. S. 1909, clause 19. (5) The provisions of the charter of St. Louis, to wit, art. 3, sec. 26, par. 1, and art. 6, secs. 2-11, purporting to authorize the tax upon the property in ques-

State ex rel. v. Reynolds.

tion, constitute a revenue law. (a) The assessment for benefits against the property was a tax and was imposed by virtue of the taxing power of the State delegated to the city. Meier v. St. Louis, 180 Mo. 408. (b) The tax is collected directly by the city; is paid into the city treasury and then used for public purposes and thereby constitutes revenue. The city must pay the damages allowed in the condemnation proceedings whether or not it collects the taxes assessed for benefits. It differs from a special taxbill issued to a contractor for street improvements. Charter of St. Louis, art. 6, sec. 5, art. 6, sec. 10; Black's Law Dictionary, "Revenue;" Webster v. People, 98 Ill. 343; Potwin v. Johnson, 106 Ill. 532; Herhold v. Chicago, 106 Ill. 547; Kilgour v. Commrs., 111 Ill. 342; Sanderson v. LaSalle, 19 Ill. App. 632; Claypool v. Railroad, 81 Ill. App. 433; Shreveport v. Prescott, 51 La. Ann. 1895. In the following Missouri cases it was held that the Supreme Court had jurisdiction on ground that construction of revenue laws of the State was involved. Morrow v. Surber, 97 Mo. 155; Arnold v. Hawkins, 27 Mo. App. 476; City v. Burrough, 43 Mo. App. 298; State ex rel. v. Angert, 53 Mo. App. 349; Moore v. Vaughn, 53 Mo. App. 632; Moore v. Vaughn, 127 Mo. 538; Railroad v. Gray, 126 Mo. 472; Hilton v. Smith, 134 Mo. 499; City v. Jordan, 145 Mo. 371; State v. Hawkins, 169 Mo. 615; Park v. City, 174 Mo. 425; State ex rel. v. Adkins, 221 Mo. 112. In the following cases jurisdiction in the Supreme Court was denied. Daudt v. Drainage Dt., 149 Mo. 405; St. Joseph v. Ins. Co., 183 Mo. 1; State v. Gawronski, 179 Mo. 549; Russell v. Woerner, 207 Mo. 653; City v. Bowman, 167 Mo. 535.

*J. L. Hornsby* for respondents.

(1) The defenses pleaded in the case of Pleadwell v. Missouri Glass Co. do not involve "the construction of the revenue laws of this State" (Art. 6, sec. 12, Constitution), and this court has no jurisdiction

of the case. State ex rel. v. Adkins, 221 Mo. 112; Hannibal v. Bowman, 167 Mo. 535; St. Joseph v. Ins. Co., 183 Mo. 1; Park v. City, 174 Mo. 425; Harper v. Town, 23 Ga. 570; Davenport v. Dow, 82 U. S. 390; Johnson v. Hanscom, 90 Tex. 321. (2) The issues presented involve the construction of provisions of the charter of the city of St. Louis, which is in no sense and under no theory part of the ''revenue laws of the State.'' Hannibal v. Bowman, 167 Mo. 535; Johnson v. Hanscom, 90 Tex. 321. (3) The judgment of the Court of Appeals having been rendered at its October term, 1911, and its mandate to the circuit court having been issued during that term, and that term of court having expired before the present writ was served or ever issued, it is not within the power of said Court of Appeals to recall said mandate. (4) The relator has been guilty of such laches in raising the question of the jurisdiction of the St. Louis Court of Appeals that it is not entitled to the assistance of the writ of mandamus. Merrill on Mandamus, sec. 87; Wood on Mandamus, p. 174; Spelling on Extraordinary Remedies, sec. 1382; 26 Cyc. 393; 19 Am. & Eng. Ency. Law, 755; State ex rel. v. Gibson, 187 Mo. 554; Curtice v. Schmidt, 202 Mo. 707; State ex rel. v. McIntosh, 205 Mo. 611.

GRAVES, J.—This is an original proceeding of mandamus. Respondents, the judges of the St. Louis Court of Appeals, filed their return to our alternative writ, and relator then moved for judgment on the pleadings. By the suit relator seeks to compel the St. Louis Court of Appeals to certify to this court for final determination a certain cause of Theodosia Wallace Pleadwell et al., plaintiffs, v. Missouri Glass Co., defendant, on the ground that the determination of the cause involved a construction of the revenue laws of this State. A brief history of the case as contained in the record and briefs before us is as follows:

Plaintiffs in that cause are the successors in title, by devise from Marie E. Patterson, of certain real estate in the city of St. Louis. Defendant in that suit, the Missouri Glass Company, was a lessee of said property from the said Marie E. Patterson. The lease between Patterson and the Glass Company contained a clause by which the lessees therein named were to "pay all taxes, whether general or special, levied or assessed, against said property or the improvements therein during said term." During the term of this lease the city of St. Louis undertook to and did assess benefits against this property in a proceeding to widen a street. A taxbill was issued, but it was not paid by the Missouri Glass Company, and the plaintiffs in the said circuit court proceeding paid the same, and then brought their said action against the Glass Company, on the covenant in the lease, to recover from it the amount they had paid, with interest.

Upon a trial in the circuit court defendant was successful. Appeal was taken by plaintiffs to the St. Louis Court of Appeals, but by order of record that court transferred the cause to the Springfield Court of Appeals, where it was submitted and decided, the opinion resulting in a reversal of the circuit court judgment and a remanding of the cause. [Pleadwell et al. v. Missouri Glass Co., 151 Mo. App. 51.] After our decision in State ex rel. v. Nixon, 232 Mo. 496, the cause was returned by the Springfield Court of Appeals, to the St. Louis Court of Appeals, which court reversed the judgment of the circuit court and remanded the cause with directions to the circuit court to enter judgment for the plaintiffs for the amount of the said taxbill and interest. This judgment was of date November 7, 1911. On-February 5, 1912, the circuit court in compliance with the mandate of the said court of appeals, entered judgment for plaintiffs and against defendant, the relator in the proceeding at bar, for $4,148.35.

February 28, 1912, the defendant in that cause filed its motion in the court of appeals asking that it recall its mandate to the circuit court and transfer the cause to this court because the revenue laws of the State were involved in the determination of the cause. On March 2, 1912, this motion was overruled, and on the same day the alternative writ was ordered issued by this court, and on the same day the court of appeals finally adjourned its then term of court. Other matters more in detail may be required in the course of the opinion, but this sufficiently states the case for the present.

I. The peremptory writ should be refused in this case for at least two reasons. In the first place relator's extreme laches should preclude the issuance of the writ. In this court the writ of mandamus is looked upon as more or less a discretionary writ. Of course a sound discretion must always be exercised. What we aim to say is that there are no fixed and hide-bound rules which compel the issuance of such a writ, and even in cases where it could very properly be issued our courts have withheld it, because of conditions which did not appeal to sound discretion. [State ex rel. v. Finley, 74 Mo. App. 213.]

Laches and delay in suing out the writ is recognized as a valid and substantial reason for its refusal.

In State ex rel. v. Gibson, 187 Mo. l. c. 555, this court said: "The correct rule, deduced from the modern practice, seems to be that mandamus, while no longer a mere prerogative writ, is yet somewhat of a discretionary writ and should be issued, not in the exercise of an arbitrary or capricious discretion, but in the exercise of a sound legal discretion in accordance with the established rules of law. [19 Am. & Eng. Ency. Law (2 Ed.), 751.] And among the things appealing to the discretion of the court are laches, and herein of mere delay not necessarily sufficient to involve the bar of Statutes of Limitation." That case was a proceeding

by mandamus to compel a circuit judge to sign a bill of exceptions. The application for the writ was made a year or more after the judge had refused to sign the bill of exceptions. Among other things we held that the laches of the parties would defeat their cause.

So in the case at bar. The circuit court case was fought through both the Springfield and St. Louis Courts of Appeals. No finger is raised as to jurisdiction until after the mandate of the latter court has gone down to the circuit court, and the circuit court in pursuance of such mandate had entered up a judgment for the plaintiffs. Relator's laches precludes the issuance of the writ under the circumstances of this case. To issue it would not be the exercise of sound discretion. Ordinarily we would let this determine the case, but there is another question chiefly argued in this case, which may rise up to vex us in the future, and we deem it the better policy to settle it here and now. It is a question going to the very vitals of the case, and hence what we say cannot be considered as mere *obiter*. That question we take next.

II. Does the determination of the Pleadwell case involve the construction of the revenue laws of *this* State, in the sense which confers the appellate jurisdiction of that cause upon this court? Relator affirms and respondents as vigorously deny. By answer in the Pleadwell case, this relator, as the defendant therein, did challenge the validity of the taxbill which was mentioned in plaintiffs' petition, and in that way the city charter of the city of St. Louis, as to the issuance and payment of such taxbills, was involved and had to be construed. The question is, do these provisions of the St. Louis city charter pertaining to special taxes for city improvements fall within the constitutional category of "causes involving the construction of the revenue laws of this State." Counsel for relator makes an ingenious and able argument on the point raised.

He calls attention to the peculiar standing of the St. Louis city charter under our Constitution. He calls attention to the dual capacity in which the revenue officers of the city act. He urges that they act under this peculiar charter both for the State and the city. Our cases as pointed out to us speak of this dual capacity, and that such officers do so act, we have no doubt. But all these things do not, in our judgment, make those portions of the city charter relating to the assessment of benefits to property for public improvements, "revenue laws of *this* State," so as to give appellate jurisdiction to this court.

In State ex rel. v. Adkins, 221 Mo. 112, Lamm, P. J., thoroughly reviewed our case law upon this subject. After such review he thus concludes: "From a review of the case we conclude: (1) That when our jurisdiction is put upon the ground that the construction of the revenue laws of the State is involved, the law up for construction must be a State law as contradistinguished from the provisions of a special city charter; (2) that it makes no difference where the law is to be found, whether under the title of 'Revenue' or any other title, so long as it relates to the subject-matter of revenue; (3) that the revenue must be directly and primarily concerned, not merely indirectly or as an incident; (4) that the term 'revenue law' covers and includes laws relating to the disbursement of the revenue and its preservation, as well as provisions relating to the assessment, levy and collection of it; and (5) finally, that where the question in the case is merely one relating to the general practice in circuit court or before justices of the peace, although the case may pertain to the collection of taxes, yet the revenue laws are not involved in a constitutional sense."

With these conclusions we are fully satisfied. We would emphasize but one point. Our brother uses the phrase "revenue laws of *the* State" whilst the Consti-

tution uses the phrase "the revenue laws of *this* State." We are not prepared to say that the word "this" is more pointed as to the laws referred to than is the word "the," but it occurs to us that its use more strongly tends to show that the legislative mind was dealing with State laws as contradistinguished from city charters. But this is adrift.

Upon the question before us the Adkins case followed the case of the City of Hannibal v. Bowman, 167 Mo. l. c. 536. We see nothing in the case at bar to take it out of the rule established by the two cases, supra. Nor do we see that any good would result from broadening the rule, even if we could. We do not think that the Constitution-makers when they used the phrase "the revenue laws of this State" had any reference to special city charter provisions going solely to local assessments.

It is urged that the Illinois court has given a different construction to a similar provision of their constitution. These cases we have examined, and even if relator's contention with reference thereto is correct, such would not justify us in receding from the construction in the cases supra.

But we do not agree with counsel upon the question of the similarity of the two constitutional provisions, and therefore the reasoning of the Illinois court need not be noted here.

In view of our own case law, and in my judgment well considered case law, this court has no appellate jurisdiction over the appeal in the case of Pleadwell et al. v. Missouri Glass Co., adjudicated by the St. Louis Court of Appeals.

For this reason the alternative writ of mandamus as heretofore issued by this court is quashed, and the peremptory writ is refused. All concur.