In the Matter of the Estate of THOMAS P. THOMSON, Deceased, GEORGE C. KOPP, Administrator, Appellant, v. NONA E. THOMSON and MARGARET K. THOMSON, Respondents, No. 42416—246 S. W. (2d) 791.

Division One, February 11, 1952.

Motion for Rehearing or to Transfer to Banc Overruled, March 10, 1952.

1044

*Robert S. Eastin, Stanley Garrity, Scott R. Timmons* and *Caldwell, Downing, Noble & Garrity* for appellant.

*Paul S. Kelly* and *David M. Proctor, Jr.*, for respondents.

**1046**

COIL, C.—Appeal from a judgment of the circuit court dismissing appellant-administrator's application to require refund of $50,000 under §465.400 Mo. R. S. 1949. The application was filed in the probate court of Jackson ,County where, upon dismissal, an appeal was perfected to the circuit court. The probate court and the circuit court on appeal dismissed the application on the ground that it showed upon its face that the administrator had unreasonably delayed in filing it.

Administrator's application, filed March 9, 1950, averred essentially that Thomas P. Thomson died intestate leaving two brothers and two sisters as his only heirs at law; that he was appointed administrator on April 12, 1932 and filed an inventory on April 28, 1932, listing personal property of approximately $204,000 and some unappraised real estate; that on August 20, 1932, a certain suit was filed against the administrator by one Pryor wherein an accounting between deceased Thomson and plaintiff in that suit was sought, based upon a partnership allegedly existing between deceased and Pryor; that on November 22, 1932, the probate court made an order of partial distribution upon the application of the administrator, ordering the sum of $12,500 distributed to each heir at law, after a hearing at which evidence was presented that there would be sufficient assets remaining in the estate with which to pay all debts including any debt established by the Pryor suit; that on December 3, 1934, judgment was rendered in the circuit court in the case of Pryor v. Kopp, Administrator, in the sum of $123,786.27 and costs of $867.59, which judgment was affirmed by the supreme court on August 17, 1938; that the judgment was certified to the probate court and classified as a claim of the fourth class; that all claims have been paid except the claim of Pryor or his assignee, on which claim the sum of $101,500 has been paid leaving a balance due of $22,286.27 principal plus some $35,000 interest; that there is now in the estate, after all salable real estate has been sold, the sum of about $6000 of which approximately $5200 is available for application on the Pryor claim.

The administrator prayed that the court enter an order requiring each of the four heirs at law to refund the sum of $12,500 to apply on the payment of the balance of the Pryor claim.

After proceedings not important here, two of the heirs at law, present respondents Nona E. Thomson and Margaret K. Thomson, filed a motion to dismiss the application on the ground that the application affirmatively showed unreasonable delay on the part of the administrator in making it. The probate court denied the application and, as noted, the administrator duly perfected an appeal to the circuit court, where the court entered its judgment sustaining respondents' motion to dismiss "on the ground of unreasonable delay of the administrator in commencing this proceeding, as shown upon the face of said application." It is from this final judgment of dismissal that the administrator has appealed. There was no evidence adduced at any hearing in either the probate or the circuit court; the judgments of dismissal were rendered upon a consideration of the application alone.

Section 465.400 is.: "If after the payment of the legacies or distributions, it becomes necessary that the same, or any part thereof, be refunded for the payment of debts, the court, on application, shall apportion the same among the legatees or distributees, according to the amount received by them, except that specific legacies shall not be required to be refunded unless the residue be not sufficient to satisfy such debts. If any legatee or distributee fail to refund according to such order, on motion of the executor or administrator, the court shall, ten days' notice in writing having been given to the legatee or distributee, enter judgment for the amount apportioned to him."

Respondents contend that the judgment of the court dismissing the application is proper because an application under §465.400 must be made within a reasonable time; that the probate court is the proper court to determine whether the application has been made in a reasonable time; that where, as here, the application shows upon its face that it was filed more than 15 years after the establishment of the only unpaid debt and nearly 12 years from the affirmance of the judgment establishing that debt, the delay is so unreasonable as to authorize the probate court to find that the right of the administrator to apply for refund has been "waived" or "extinguished", or barred by laches.

Appellant contends that the application for refund states a claim on which relief can be granted under §465.400; that the probate court may not apply the doctrine of laches because it may not be invoked other than in a case wherein the plaintiff has appealed to a court of equity for relief; that waiver and extinguishment as urged by respondents are nothing more than laches; and that even if these

equitable doctrines may be applied to this application, delay alone is not sufficient for their invocation.

Section 465.400 contains no limitation as to time within which an application provided for by the section shall be made. It was said in Rumsey v. Otis, 133 Mo. 85, 98, 34 S. W. 551, 554, that refunding orders provided for by the section must be made prior to the final settlement of the estate. This statement was dictum in that opinion; however, in our view, it correctly states the meaning of the section. This does not necessarily mean that under all circumstances an administrator may obtain an order for a refund so long as the application is filed before a final settlement in an estate. It does mean that the statute contemplates that an application thereunder must be filed during the course of the administration, and prior to final settlement of an estate. The maximum possible time limit is any time up to final settlement.

Respondents point to §463.170 Mo. R. S. 1949 which provides, in part, substantially, that if the personal estate is insufficient to pay debts and legacies, the executor or administrator may apply for a sale of all or part of the real estate to pay such debts and legacies. Respondents point out that the section fixes no time within which the application to sell shall be made. They call attention to Gunby v. Brown, 86 Mo. 253, holding that the application must be filed within a reasonable time, such reasonable time depending upon the circumstances of each case. Respondents further say that by analogy, §465.400 should be construed as including by implication the words "within a reasonable time."

As we view the matter, however, the question of whether the words "within a reasonable time" are by implication a part of § 465.400 is not decisive. This, for the reason that, unless an arbitrary maximum time is fixed within which the application must be made either by analogy to statutes of limitations or otherwise, then the words "within a reasonable time" mean no more than that an appropriate court may determine on hearing or trial whether a given lapse of time under the evidence adduced should bar the right to a refund. This is simply another way of saying that in a given proceeding, because of lapse of time and the effect thereof, it may be unjust or prejudicial to permit an exercise of the statutory right. The important and decisive question is whether the probate court, or the circuit court on appeal from the probate court, may properly dismiss an application for refund solely because it appears on the face of that application that it has been filed some 12 years after it became or should have become apparent or demonstrable that refunds of distributions were necessary to pay debts. And this dismissal, without any consideration of evidence which may or might be adduced at a trial or hearing which may show reasons for delay, and without consideration of whether any change in the condition of the persons or

property involved occurred or should have occurred because of the delay.

May a court say, in the absence of an applicable statute of limitations, that any given delay, alone and without more, absolutely extinguishes the right of an administrator or executor to file an application and obtain a refunding order? We think not. Any court, which is a proper court to determine in a given case whether a certain passage of time is so great as to be unreasonable and to thereby bar relief to which one is otherwise entitled, may so determine only by concluding that to grant the relief sought would be prejudicial or otherwise improper because of the passage of time *and* the effect thereof upon the parties or property involved. Any such determination must necessarily be based upon facts shown in evidence.

Respondents to sustain their contention rely upon Gunby v. Brown, supra, Mooers v. White, 6 Johns. Ch. 360, and Ricard v. Williams, 20 U. S. (7 Wheat.) 59, 5 L. Ed. 398. Mooers v. White cites Ricard v. Williams and, in turn, Mooers v. White is cited in Gunby v. Brown. Respondents say that our decision in Gunby v. Brown is a recognition of, and an application of, the doctrine of "waiver and extinguishment" as applied in the Mooers and Ricard cases, supra; that in the application of this doctrine or principle no injury or disadvantage or change of position need be shown on the part of one adversely affected by the application; that passage of time alone, irrespective of the circumstances which could or might be shown in evidence at a hearing, is sufficient to justify a court in holding that a given passage of time constitutes such an unreasonable delay as to extinguish the right to, or to cause a presumption of waiver of the right to, make the application or to obtain the relief sought by the application; and that the probate court is given exclusive jurisdiction to determine that a time is reasonable or unreasonable and may do so with knowledge only of the length of time involved.

An analysis of the Mooers and Ricard cases, supra, discloses that the court in each of those cases held that proper construction of a statute providing for the sale of real estate to pay debts and fixing no time limitation for the exercise of the right, required the conclusion that the right must be exercised within a reasonable time; that if not so exercised it is "waived" or "extinguished." Both courts proceeded to fix a maximum time after the passage of which, the right given by the statute was deemed "waived" or "extinguished." It is noted, however, that the court in the Mooers case reached the conclusion that a failure to apply for the right to sell real estate to pay debts, absent some valid reasons for further delay disclosed in the application, within a period of one year after letters of administration were granted, "extinguished" the right to apply for the sale. The court in the Ricard case, however, concluded that a reasonable time for the exercise of the right was the period of the particular

statute of limitations barring the right of re-entry to land. The Ricard case dealt with a Connecticut statute which barred a right of re-entry after 15 years. Thus, these two courts, in determining when the right to sell land for payment of debts is "extinguished" or "waived," fixed arbitrary maximum time limits by analogy to different statutes of limitations and reached conclusions wherein the maximum allowable time for the exercise of the right differed by a period of 14 years.

It is apparent that Gunby v. Brown does not follow these decisions in so far as they adopt the principle of fixing an allowable maximum time by analogy to any existing statute of limitation. That this is true is demonstrated by the holding in the Gunby case that what is a reasonable time depends upon the circumstances of each case. This is a rejection of the proposition that any given lapse of time may arbitrarily, and without more, be said to bar or "extinguish" the right to a sale of lands.

Clearly the decision in Gunby v. Brown, supra, may not be properly construed as authority for the proposition that lapse of time alone (without a consideration by the appropriate court of all the facts and circumstances, including: the type of property involved, intervening rights and interests, change of conditions, nature of the obligation sought to be enforced, the circumstances under which the particular property came into the hands of its present holders, whether evidence is lost or inaccessible, and perhaps other matters), is sufficient to permit the court to hold that the relief sought in the administrator's application is barred.

Gunby v. Brown does not hold that the passage of a given time alone bars or "extinguishes" the right of the administrator to apply for, obtain an order for sale, and sell real estate for payment of debts. The Gunby case recognizes the principle that the failure of a statute to specify a time limitation does not mean that one necessarily has an unlimited time within which to invoke his rights or powers under such statute; and that he may delay so long that in a proper case an appropriate court may determine at a hearing that a delay in applying, under the circumstances there appearing, would make it improper to enforce the provisions of the statute.

Application of the principle of the Gunby case and of the approved dictum in Rumsey v. Otis, supra, to the question here requires the conclusion that § 465.400 permits the filing of an application for refund at any time before final settlement; but that anyone adversely affected may oppose the application on any ground which would defeat the right to the order of refund, whether that ground be the laches of the administrator, the invocation of the doctrine of estoppel or waiver, or by invoking any other legal or equitable defense which may exist under the facts of the particular case.

Respondents would then contend that an application of this rule would justify the action of the courts in dismissing this case, because, they say, laches of the administrator appears on the face of the application for refund. This contention overlooks the fact that the equitable doctrine of laches involves more than lapse of time. "It is certain that mere lapse of time alone is entirely without influence in those cases where the Statute of Limitations does not obtain." Blackford v. Heman Const. Co., 132 Mo. App. 157, 164, 112 S. W. 287, 290. "While statements are to be found in some of the cases intimating that unreasonable delay, and mere lapse of time, independently of any statute of limitations, constitute a defense in a court of equity, the generally accepted doctrine appears to be that laches is not like limitation a mere matter of time, but is principally a question of the inequity of permitting a claim to be enforced, this inequity being founded on some change in the condition or relations of the property or the parties. Where no one has been misled to his harm in any legal sense by the delay, and the situation has not materially changed, the delay is not fatal. Laches in legal significance, is not mere delay, but delay that works a disadvantage to another. So long as parties are in the same condition, it matters little whether one presses a right promptly or slowly, within limits allowed by law; but when, knowing his rights, he takes no steps to enforce them until the condition of the other party has, in good faith, become so changed that he cannot be restored to his former state, if the right be then enforced, delay becomes inequitable and operates as an estoppel against the assertion of the right." Pomeroy's Eq. Juris., 5th Ed., Pt. II, Ch. I, Sec. VIII, § 419d, p. 177. See also: Harrison v. Coomber Realty & Inv. Co., 359 Mo. 862, 865, 224 S. W. 2d 63, 64[1]; Ruckels v. Pryor, 351 Mo. 819, 831, 174 S. W. 2d 185, 189; Pryor v. Kopp, 342 Mo. 887, 900, 119 S. W. 2d 228, 233; Lustenberger v. Hutchinson, 343 Mo. 51, 61, 119 S. W. 2d 921, 927; Hagan v. Lantry, 338 Mo. 161, 174, 89 S. W. 2d 522, 529; Cullen v. Johnson, 325 Mo. 253, 268, 29 S. W. 2d 39, 45; Jones v. McGonigle, 327 Mo. 457, 466, 37 S. W. 2d 892, 896; Collins v. Lindsay, Mo. Sup., 25 S. W. 2d 84, 89; 21 C. J., Equity, § 219, pp. 221-225.

The question of laches, being a question of fact, is to be determined from all the evidence and circumstances adduced at a trial or hearing. "Whether appellant's alleged delay in asserting her claim amounts to laches must be determined by the facts of the case. Mere delay alone does not constitute laches. It must be delay that works to the disadvantage and prejudice of the defendants and the defendants must have been injured thereby. Davies v. Keiser, 297 Mo. 1, 246 S. W. 897; Johnson v. Antry (Mo. Sup.) 5 S. W. (2d) 405; Lindell Real Estate v. Lindell, 142 Mo. 61, 43 S. W. 368. It does not appear upon the face of the petition that defendants have been prejudiced, put to any disadvantage, or caused to suffer any loss or change of

position by the delay in instituting suit charged against plaintiff. While laches clearly appearing upon the face of the petition may be taken advantage of by demurrer, Bliss v. Prichard, 67 Mo. 181, yet whether a party has been guilty of laches is peculiarly a question of fact which can be better determined upon the merits from all the facts and circumstances ▮▮▮ in the case, and a demurrer ought not to be sustained to a petition upon that ground unless clearly demanded. Guels v. Stark (Mo. Sup.) 264 S. W. 693.'' Jones v. McGonigle, supra, 37 S. W. 2d l. c. 897.

Some cases applying the rules of pleading recognized in classical equity hold that the pleader must excuse long delay in the assertion of a right by averments of fact rebutting a "presumptive inequity," and that, in the absence of such averments, a bill is demurrable. Keigwin, Cases in Eq. Pleading, § 38, p. 178 et seq. This doctrine, however, has never been or at least is not now accepted in this state as a requirement of proper pleading. Conceivably, a plaintiff might plead enough evidentiary facts to show himself guilty of laches; if so, the action would be properly dismissed on motion. Otherwise, laches is a question of fact to be determined by all the circumstances. Jones v. McGonigle, supra; Gunby v. Brown, supra.

Assuming for the present that a probate court upon a hearing on appellant's application for refund could properly consider whether the administrator was guilty of laches in filing his application for refund, there is nothing in appellant's application which justifies the conclusion that appellant's right to have moneys refunded is barred. The application contains the necessary averments to entitle the administrator to an order of refund under § 465.400. The fact that the application shows on its face a long delay in filing does not, standing alone, destroy the administrator's right to the relief prayed.

We hold therefore that the court erred in sustaining respondents' motion to dismiss.

▮▮ We have assumed above that the probate court may consider the laches of the administrator at a hearing on an application for refund. Because we have held herein that the probate court and the circuit court erred in dismissing appellant's application for refund, and this case will therefore be reversed and remanded, it is proper that we now determine whether the probate court and the circuit court on appeal may apply the equitable doctrine of laches.

It is well established that a circuit court on appeal from a judgment of a probate court may consider only those matters which the probate court might have considered. State ex rel. Baker v. Bird, 253 Mo. 569, 581, 162 S. W. 119, 122; In re Estate of Bartels v. Kinealy, 238 Mo. App. 715, 719, 187 S. W. 2d 348, 350; Evans v. York, Mo. App., 216 S. W. 2d 124, 127 [3-5]. It has often been held in this state that laches is an equitable doctrine which may be invoked only in a proceeding where a party seeks affirmative equitable relief; that

laches may not be asserted in an action at law. Kellogg v. Moore, 271 Mo. 189, 193, 196 S. W. 15, 16; Cullen v. Johnson, supra, 29 S. W. 2d 1. c. 43, Lustenberger v. Hutchinson, supra, 119 S. W. 2d 1. c. 926; Sherlock v. Duck Creek Township, 338 Mo. 866, 876, 92 S. W. 2d 675, 680.

An examination of Missouri and other cases so holding discloses no apparent logical reason for the rule. We have permitted the defense of laches to be asserted to applications for writs of mandamus, explaining that the issuance of the writ is somewhat discretionary and that among the things which appeal to the discretion of the court is the laches of the applicant. State ex rel. Mo. Glass Co. v. Reynolds, 243 Mo. 715, 720, 148 S. W. 623, 624; State ex rel. Schulz v. Fogerty, Mo. App., 195 S. W. 2d 908, 911[8, 9]. Certain of the federal courts in patent cases have permitted laches to be asserted as an equitable defense in actions at law. Ford v. Huff, 5 Cir., 296 F. 652, 657, 658[4], [5]; Banker v. Ford Motor Co., 3 Cir., 69 F. 2d 665, 666[3]. Contra: State Mut. Life Assur. Co. of Worcester, Mass. v. Heine, 6 Cir., 141 F. 2d 741, 744[4, 5]; Kicklighter v. N. Y. Life Ins. Co., 5 Cir., 145 F. 2d 548, 549; Thorpe v. Wm. Filene's Sons Co., (D. C. Mass.) 40 F. 2d 269. No case we have examined which refuses to permit laches to be pleaded or relied upon as a defense to a law action ascribes any sufficient reason for that rule. See, 25 Col. L. Rev. 337 wherein the author points out that the result of allowing laches to be pleaded at law is a logical one. See also, Pomeroy's Eq. Juris., 5th Ed., Pt. IV, Ch. II, § 1369, p. 989 et seq. for a definition of "equitable defense", and Pomeroy's Code Remedies, 5th Ed., § 30, pp. 49, 50, for a discussion of the limits upon interposing equitable defenses to causes of action at law.

We have, perhaps unnecessarily, expressed these views with reference to the soundness of the rule that laches may not be interposed as an equitable defense to a legal action to suggest that no apparent illogical or disastrous results would flow from an opposite rule. Because of the fact, however, that the rule is so well settled in this state, as shown by the cases heretofore cited and legion other cases to the same effect, we confine our ruling to the specific limited proposition here involved.

When an executor or administrator files an application for refund under the provisions of Sec. 465.400, he is proceeding under one of the provisions of our probate code providing a method by which assets may be caused to be returned to an estate for the purpose of paying debts. The provisions for the application are purely statutory. It is unnecessary and meaningless to classify an application under this statute as being a legal proceeding or as being an equitable proceeding. It is an application under a statute which has been enacted to supersede certain machinery of the common law, viz., the doctrine of

marshalling assets in equity for the payment of debts. Titterington v. Hooker, 58 Mo. 593, 597, 598.

The probate court has been given jurisdiction of the specialized function of supervising the administration of estates. We have often held that in determining matters within its jurisdiction a probate court may apply equitable principles. In re Jamison's Estate, Mo. Sup., 202 S. W. 2d 879, 883. And in probate proceedings one may avail himself of an equitable defense so long as it is asserted purely defensively and does not involve the granting of affirmative equitable relief. Wilcox v. Powers, 6 Mo. 145; Evans v. York, Mo. App., 216 S. W. 2d 124, 127. We perceive no reason why, if the probate court in a proceeding under Sec. 465.400 may apply the defense of equitable estoppel (recognized in this state as an available equitable defense to an action at law), it may not also apply the equitable defense of laches.

We hold therefore that at a hearing on an administrator's application for refund under the provisions of Sec. 465.400 the probate court and the circuit court on appeal may consider and apply any legal or equitable defense which may be asserted to defeat the right of the administrator, including laches of the administrator.

Judgment is reversed and the cause remanded. *Van Osdol* and *Lozier, CC.,* concur.

PER CURIAM:—The foregoing opinion by COIL, C., is adopted as the opinion of the court. All the judges concur.