STATE of Missouri ex rel. James E. McIN-
TOSH et al., Relators (Respondents),

v.

Paul RAINEY, Clerk of Reorganized School
District R–3 of Washington County, Mis-
souri, Jesse Essmeyer, Dr. E. W. Lake,
Floyd Kennon, Harry Riehl, and Frank Mc-
Kinistry, Members of the School Board of
Reorganized School District R–3 of Wash-
ington County, Missouri, and Richard Wig-
ger, Successor to Paul Rainey, Clerk, and
Elmer Reed, Robert Nicholson and Cecil
Johnson as members and succeeding Floyd
Kennon, Harry Riehl and Frank McKinis-
try, Respondents (Appellants).

No. 31905.

St. Louis Court of Appeals.

Missouri.

Nov. 16, 1965.

Rehearing Denied Dec. 16, 1965.

———◆———

Samuel Richeson, Dearing, Richeson, Weier & Roberts, Hillsboro, for respondents-appellants.

Warren D. Welliver, Welliver, Porter & Cleaveland, Columbia, John W. Waller, Sullivan, for relators-respondents.

WOLFE, Presiding Judge.

This is an action in mandamus. It was brought at the relation of those named who are all residents, voters and taxpayers in Consolidated School District C–2 of Franklin County, Missouri. By this action they sought to compel the respondents below, who were the members of the School Board of District R–3 of Washington County, Missouri, to submit a proposition in their district to an election. The question which they desired to have voted upon was a proposed annexation by the Franklin County District of twelve sections of land which are a part of the Washington County District and located in Washington County.

The court found for the relators and ordered the respondents below to do all necessary things to put the proposition before the voters of District R–3 of Washington County at the next annual school election. The respondents below appealed.

There is no dispute as to the following facts. The relators were all, as they alleged, residents, qualified voters and taxpayers of C–2 Consolidated School District. This is in Franklin County and it adjoins the Reorganized School District R–3 of Washington County. The relators who were more than ten in number, signed the petition for a change of boundaries to enlarge the C–2 Franklin County District to include Sections 1, 2, 3, 4, 9, 10, 11, 12, 13, 14, 15 and 16 of Township 39 North, Range 1 West, all in Washington County, Missouri. It requested that the school districts, in response to the petition, prepare said proposition for the annual school election to be held on April 7, 1959, all in compliance with § 165.294, V.A.M.S. A signed copy of the petition was sent to the clerk of each school district on about February 19, 1959, quite a while prior to the time for the clerks of each of the districts to post notices of the desired change in time for the school election held on April 7, 1959.

The Franklin County District gave notice of an election on the proposition and it was voted upon on April 7, 1959, and carried by a vote of 813 for to 53 against. The clerk and members of the Board of Reorganized School District R–3, Washington County, refused to prepare the proposition for the annual school election on April 7. No election was held there.

The respondents below and the appellants here, over the objection of the relators, put on evidence touching upon the necessity for the change. This disclosed that there were only four children in the area over which petitioners sought to extend the boundaries of C–2 Franklin County District. These children were served by bus and the schools which they attended in Washington R–3 were considered adequate by their

parents. There was also evidence that the area, which contained mining operations, had a total assessed valuation of $6,687,850. The total assessed valuation of District R–3 of Washington County was $13,818,184 and its bonded indebtedness was $1,175,000.

The first point raised by the appellant-respondent is that the trial court erred in ordering the respondents below to call an election because there was no legal duty upon them to call such an election at the time of the commencement of the action in mandamus. This requires consideration of the school laws in effect at the time the petition for the election was filed with R–3 District of the Washington County Board and changes in the law which became effective in 1959 after the time for the election had passed. Section 1, Laws of Missouri 1955, Page 529, was in effect at the time petition for the election was filed with the boards of the two districts and at the time of the school election on April 7, 1959. This provided: " * * * when it is necessary to change the boundary lines ten qualified voters who are taxpayers in any district affected may petition the district boards of directors in the districts affected for a change in boundaries. * * * " The foregoing part of the section was changed later in § 165.294, V.A.M.S., requiring the petition for change of boundaries to be signed by 10% of the qualified voters who are taxpayers in the district desiring the changes, instead of the ten voters previously required.

Both statutes dealing with six director school districts provided that where the voters of one district voted against a proposed annexation the matter may then be appealed to the boards of directors. Both statutes set up the method and procedure for arbitration of the differences between the districts involved. The law in relation to this was again enacted without major changes in 1963 and it is now § 162.431 V.A. M.S.

As stated, it is the contention of the appellants that although the law, at the time that the petition for the election was filed by the Washington County Board, provided that ten signers were sufficient, the subsequent change in the law making signatures of 10% of the voters necessary bars the right of the relators to a writ of mandamus to compel the holding of an election. The appellants press this theory on the ground that the law was changed prior to the relators filing their petition for the writ of mandamus. The petition for mandamus was filed April 11, 1960.

When the petition, valid under the law, was filed with the school board the duties of the board with which it was filed were simply ministerial. They were obliged under the law to post notices and present the matter to the voters. State of Missouri ex rel. Kugler v. Tillatson, Mo. App., 312 S.W.2d 753, 1. c. 756. The Washington County Board refused and did not intend to submit the matter to an election. Under such circumstances mandamus was the proper remedy. State ex rel. Kugler v. Tillatson, supra. The fact that the noted changes in the law took place following the refusal did not alter the relators' right to the writ. State of Missouri ex inf. Dalton ex rel. Hough v. Eckley, Mo., 347 S.W.2d 704.

It is also asserted by the appellants that no necessity existed for the change of boundaries. The voters are the ones who pass upon the necessity for the change in the first instance and in the case of disagreement between the voters of contending districts the Board of Arbitration considers the necessity for the proposed change. Section 162.431, V.A.M.S. It is not the function of the court to pass upon the necessity for any change in the school boundaries. England v. Eckley, Mo., 330 S.W.2d 738, 1. c. 745.

The appellants claim that the relators are barred by laches. The general meaning of laches is that the party seeking relief has delayed his action for an unreasonable and unexplained length of time

resulting in disadvantage to the other party. Keiser v. Wiedmer, Mo.App., 283 S.W.2d 914; Schaeffer v. Moore, Mo., 262 S.W.2d 854; In re Thomson's Estate, 362 Mo. 1043, 246 S.W.2d 791, 29 A.L.R.2d 791. Each case involving a question of laches must therefore be determined by the evidence of the particular case. Kopp v. Thomson, Mo., 277 S.W.2d 579. The record discloses that at the time the attempted annexation was started, and that between the time of the suit and trial, there were pending in the appellate courts two cases which would have been determinative of the issues raised (England v. Eckley, supra; and Reorganized School District R–1 of Crawford County v. Reorganized School District R–3 of Washington County, Mo.App., 360 S.W.2d 376). It was apparently agreeable to the parties that the trial of the issues be delayed until those two cases were decided. This is an explained and not unreasonable delay in view of the circumstances. It should also be noted that there is no evidence that the delay worked any disadvantage or prejudice to the appellants and absent such showing the defense of laches does not lie. Keiser v. Wiedmer, supra.

█ Since the date set for the holding of an election has passed it will be necessary to set a new date. See State ex rel. Kugler v. Tillatson, supra.

For the foregoing reasons the judgment of the trial court is affirmed and the cause is remanded to it with directions to set a date for a special election at which the voters of Reorganized School District R–3 of Washington County may vote upon the proposed change of boundaries, and to issue its supplementary writ of mandamus in peremptory form requiring these appellants and any successors in office to take all necessary steps toward that end.

RUDDY, J., and ROY W. McGHEE, Special Judge, concur.

ANDERSON, J., not participating.